UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| SHERRY FIELDEN, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:12-cv-0288-TAB-SEB |
| | ) | |
| MACQUARIE OFFICE MONUMENT | ) | |
| CENTER I, LLC, et al., | ) | |
|     Defendants. | ) | |

**ORDER ON PLAINTIFF'S MOTION TO REMAND**

**I.   Introduction**

Before the Court is Plaintiff's motion to remand. On February 7, 2012, Plaintiff filed this action in Marion Superior Court. [Docket No. 1 at 1.] On March 3, 2012, Defendant Charter Hall Reit—named in this litigation as Macquarie Office Monument Center I, LLC, Macquarie Office Monument Center II, LLC, and Macquarie Office Trust Services, Inc.—filed a notice of removal pursuant to 28 U.S.C. § 1441(a). Jurisdiction is based on diversity of citizenship under 28 U.S.C. § 1332.

During the initial pretrial conference on June 1, 2012, this Court found that Defendants' notice of removal "fails to adequately identify the citizenship of all parties" and ordered Defendants "to supplement this petition to establish that diversity jurisdiction exists." [Docket No. 25 at 2.] Defendants filed a supplemental petition for removal [Docket No. 27], which identified Macquarie Office Monument Center I, LLC and Macquarie Office Monument Center II, LLC as "incorporated in Delaware but owned and controlled by Macquarie Office (US) No. 2 Corporation." [*Id*. at 3.] Defendants also stated that "Macquarie Office Trust Services, Inc. is managed by Macquarie Office Management Limited, an Australian corporation with its principal

place of business in Sydney, Australia." [*Id*. at 2–3.]

Plaintiff moves to remand for lack of subject matter jurisdiction, arguing that despite the Court's order, Defendants failed to properly identify the citizenship of Macquarie Office Monument Center I, LLC and Macquarie Office Monument Center II, LLC. [Docket No. 28 at 3.] For the reasons below, Plaintiff's motion to remand [Docket No. 28] is denied, and Defendants are given another—and final—opportunity to supplement their petition for removal.

## II.     Discussion

Plaintiff correctly asserts that because Macquarie Office Monument Centers I and II are limited liability corporations, Defendants must establish the citizenship of each LLC's members. [*Id*. at 3.] "For the purposes of diversity jurisdiction, the citizenship of an LLC is equivalent to the citizenship of its members." *Powers ex rel. Nexes Grp., LLC v. Telrite Corp., Inc.*, No. 3:05-CV-0216-RLY-WGH, 2010 WL 5092975, at *1 (S.D. Ind. Dec. 7, 2010); *see also Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998) ("[W]e conclude that the citizenship of an LLC for purposes of the diversity jurisdiction is the citizenship of its members."). Members of an LLC may include "partnerships, corporations, and other entities that have multiple citizenships." *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 347 (7th Cir. 2006). "A federal court thus needs to know each member's citizenship, and if necessary each member's members' citizenships." *Id*. at 348.

Armed with the appropriate legal standard, which Plaintiff supplied in her motion to remand [Docket No. 28 at 2], Defendants filed a response [Docket No. 33], as well as a proposed amended supplemental petition for removal [*Id*., Ex. 1], both of which fail to apply the standard. The response states that "Macquarie Office Monument Center I, LLC is incorporated in

Delaware, with its principal place of business in Massachusetts" [*Id*. at 1–2] and that "Macquarie Monument Center II, LLC, is also incorporated in Delaware, with its principal place of business in Massachusetts." [*Id*. at 2.]  These statements do not address the citizenship of either LLC's members, and therefore the Court cannot determine whether diversity jurisdiction exists.

Moreover, Defendants fail to properly identify the citizenship of Macquarie Office Trust Services, Inc.  For the purposes of diversity jurisdiction, a corporation is citizen of the state in which it is incorporated and the state in which it has its principal place of business.  28 U.S.C. § 1332(c)(1).  At best, Defendants' statement that "Macquarie Office Trust Services, Inc. is managed by Macquarie Office Management Limited, an Australian corporation with its principal place of business in Sydney, Australia" [Docket No. 27 at 2–3] is unclear regarding Macquarie Office Trust Services, Inc.'s principal place of business.  At worst, Defendants identify only the principal place of business of Macquarie Office Management Limited, which is not a party to this case.  Additionally, Defendants fail to identify Macquarie Office Trust Services, Inc.'s state of incorporation.  In order to determine Macquarie Office Trust Services, Inc.'s citizenship for diversity purposes, Defendants must provide the state in which Macquarie Office Trust Services, Inc. has its principal place of business as well as its state of incorporation.

Given these shortcomings, Plaintiff argues that the Court should remand this case to state court. [Docket No. 28 at 3.]  When jurisdiction has not been established, "[t]here are two options: to dismiss immediately for lack of jurisdiction, [or] to call for yet another round of jurisdictional filings." *Guaranty Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 59 (7th Cir. 1996).  Plaintiff urges the Court to take the former option.  Plaintiff relies on *America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, where the Seventh Circuit remanded the case with orders

to dismiss for lack of subject matter jurisdiction. 980 F.2d 1072, 1074 (7th Cir. 1992). The Court admonished:

> These litigants have had chance after chance to establish diversity of citizenship—the complaint, the answer, the jurisdictional statements in their appellate briefs, and finally the memoranda and filings under [28 U.S.C.] § 1653 called for at oral argument. Despite receiving express directions about what they had to do, counsel did not do it. At some point the train of opportunities ends. The parties' reluctance to supply the court with essential details supports an inference that jurisdiction is absent; at all events, it is the obligation of the plaintiff to establish jurisdiction, and in this obligation the plaintiff has failed.

*Id.* This case is not so similar. While the plaintiff in *America's Best* failed to establish jurisdiction at numerous stages throughout litigation, Defendants' admitted "oversight" has occurred at an early stage. [Docket No. 33 at 1.] While the jurisdictional train is headed down the tracks, it has not yet derailed. Therefore, immediate remand without an additional opportunity to correct would be unnecessarily harsh.

### III. Conclusion

For the above reasons, Plaintiff's motion to remand [Docket No. 28] is denied. Defendants are given seven days to file a second supplemental petition for removal to establish the citizenship of Macquarie Office Monument Center I, LLC, Macquarie Office Monument Center II, LLC, and Macquarie Office Trust Services, Inc. Failure to do so shall result in remand.

Dated: 08/09/2012

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Copies to:

Christina Marie Alexander
KIGHTLINGER & GRAY
malexander@k-glaw.com

Bruce P. Clark
BRUCE P. CLARK & ASSOCIATES
bpc@bpc-law.com

Jennifer E. Davis
BRUCE P. CLARK & ASSOCIATES
jed@bpc-law.com

Nicholas Ward Levi
KIGHTLINGER & GRAY
nlevi@k-glaw.com

Jeffrey Alan Musser
ROCAP MUSSER LLP
jam@rocap-law.com

Christopher P. Phillips
BRUCE P. CLARK & ASSOCIATES
christopher.phillipslaw@gmail.com

Peter H. Pogue
SCHULTZ & POGUE LLP
ppogue@schultzpoguelaw.com

James William Roehrdanz
KIGHTLINGER & GRAY
jroehrdanz@k-glaw.com