UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| SHERRY FIELDEN, | ) | |
|     Plaintiff, | ) | |
| | ) | |
|     vs. | ) | 1:12-cv-0288-TAB-SEB |
| | ) | |
| MACQUARIE OFFICE MONUMENT | ) | |
| CENTER I, LLC et al., | ) | |
|     Defendants. | ) | |

**ORDER ON DEFENDANTS' SECOND SUPPLEMENTAL NOTICE OF REMOVAL**

**I.     Introduction**

It is the litigants' and the Court's responsibility to ensure "scrupulous adherence to the limitations on the subject-matter jurisdiction of the federal courts." *Meyerson v. Harrah's East Chi. Casion*, 299 F.3d 616, 617 (7th Cir. 2002).  Defendants, nevertheless, have unsuccessfully attempted to establish subject matter jurisdiction three times.  [*See* Docket Nos. 1, 27, 41.] Defendants' latest attempt to establish subject matter jurisdiction [Docket No. 41] is inadequate despite Plaintiff's motion for remand [Docket No. 28] and an August 9, 2012, Court order [Docket No. 38] specifically pointing out the flaws in Defendants' jurisdictional statements.[1] Moreover, the August 9 order warned Defendants that the Court was granting Defendants—over Plaintiff's objection—their final opportunity to properly supplement the jurisdictional statement. Defendants, however, failed to do so and therefore this case is remanded to state court for further

---

[1]The Court originally pointed out the flaws in Defendants' jurisdictional statement during the June 1, 2012, initial pretrial conference.

1

proceedings.[2]

## II.   Discussion

The Court's August 9 order [Docket No. 38] identified two jurisdictional problems with Defendants' notice of removal and supplemental notices.  First, the Court explained that Defendants must allege the citizenship of the members of the limited liability companies and not the state of incorporation and principal place of business, as is the practice for corporations.  [*Id.* at 2–3.]  Defendants followed the Court's guidance and properly alleged the membership of the LLC Defendants, even though they still included irrelevant state of incorporation and principal place of business information for the LLCs.

The second problem that the Court identified relates to the place of incorporation and principal place of business for Macquarie Office Trust Services, Inc.  The Court explained that:

> For the purposes of diversity jurisdiction, a corporation is citizen of the state in which it is incorporated and the state in which it has its principal place of business. 28 U.S.C. § 1332(c)(1). At best, Defendants' statement that "Macquarie Office Trust Services, Inc. is managed by Macquarie Office Management Limited, an Australian corporation with its principal place of business in Sydney, Australia" [Docket No. 27 at 2–3] is unclear regarding Macquarie Office Trust Services, Inc.'s principal place of business. At worst, Defendants identify only the principal place of business of Macquarie Office Management Limited, which is not a party to this case. Additionally, Defendants fail to identify Macquarie Office Trust Services, Inc.'s state of incorporation. In order to determine Macquarie Office Trust Services, Inc.'s citizenship for diversity purposes, Defendants must provide the state in which Macquarie Office Trust Services, Inc. has its principal place of business as well as its state of incorporation.

[Docket No. 38 at 3.]

Despite the Court's guidance, Defendants' second supplemental notice of removal fails to

---

[2]Although Defendants filed petitions for removal [Docket Nos. 1, 27, 41], 28 U.S.C. § 1446 requires only a notice of removal and Defendants' petitions are treated as such.  To the extent that the Clerk has treated these filings as petitions, they are denied.

address the problem.  Once again, Defendants only allege that "Macquarie Office Trust Services, Inc. is managed by Macquarie Office Management Limited, an Australian corporation with its principal place of business in Sydney, Australia."[3] [Docket No. 41 at 1–2.] For purposes of identifying a corporation's citizenship, alleging management of a corporation is irrelevant and insufficient.  *See Hukic v. Aurora Loan Sevs.*, 588 F.3d 420, 427 (7th Cir. 2009) ("A corporation is a citizen of the states of its incorporation and principal place of business.").  This should have been clear to Defendants following the August 9 order.

Defendants, who removed this case, have the burden of establishing federal subject matter jurisdiction.  *Muscarello v. Ogle Cnty. Bd. of Comm'rs*, 610 F.3d 416, 425 (7th Cir. 2010); *Craig v. Ontario Corp.*, 543 F.3d 872, 876 (7th Cir. 2008).  And "[l]awyers have a professional obligation to analyze subject-matter jurisdiction before judges need to question the allegations."  *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012). Defendants had three chances to establish jurisdiction despite Plaintiff's request for remand and express instructions from the Court about what information was needed.  "At some point the train of opportunities ends."  *Am.'s Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992).  Failure to "supply the court with essential details supports an inference that jurisdiction is absent . . . ."  *Id.*

---

[3]Defendants' corporate statement [Docket No. 4] and answer [ Docket No. 15 at 2] also fail to provide additional jurisdictional information.

**III.     Conclusion**

    For the reasons above, this case is remanded to state court for further proceedings. To the extent that the Clerk has treated Defendants' supplemental notices of removal [Docket Nos. 27, 41] as petitions, they are denied. The Clerk shall mail a certified copy of this order to the clerk of the Marion Superior Court in accordance with 28 U.S.C. § 1447(c).

Dated:  09/12/2012

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Copies to:

Christina Marie Alexander
KIGHTLINGER & GRAY
malexander@k-glaw.com

Bruce P. Clark
BRUCE P. CLARK & ASSOCIATES
bpc@bpc-law.com

Jennifer E. Davis
BRUCE P. CLARK & ASSOCIATES
jed@bpc-law.com

Nicholas Ward Levi
KIGHTLINGER & GRAY
nlevi@k-glaw.com

Jeffrey Alan Musser
ROCAP MUSSER LLP
jam@rocap-law.com

Christopher P. Phillips
BRUCE P. CLARK & ASSOCIATES
christopher.phillipslaw@gmail.com

Peter H. Pogue
SCHULTZ & POGUE LLP
ppogue@schultzpoguelaw.com

James William Roehrdanz
KIGHTLINGER & GRAY
jroehrdanz@k-glaw.com