UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

SHERRY FIELDEN,                          )
                    Plaintiff,           )
                                         )
        vs.                              )        1:12-cv-0288-TAB-SEB
                                         )
MACQUARIE OFFICE MONUMENT                )
CENTER I, LLC et al.,                    )
                    Defendants.          

**ORDER ON DEFENDANTS' MOTION FOR RECONSIDERATION**

Defendants seek reconsideration of the order remanding this case to state court.  The

Court remanded this case because Defendants' second supplemental notice of removal failed to

allege the place of incorporation and principal place of business for Macquarie Office Trust

Services, Inc.  Defendants contend that "their previous submission could have been more clear . .

. , but for the superfluous information contained within their Motion, they have complied with

this Court's previous requests and submitted the place of incorporation and principal place of

business for Macquarie Office Trust Services, Inc."  [Docket No. 47 at 1–2.]

Defendants' attempt to clarify their allegations by asserting that their jurisdictional

statement should have read "Macquarie Office Trust Services, Inc. is ~~managed by Macquarie~~

~~Office Management Limited,~~ an Australian corporation with its principal place of business in

Sydney, Australia."  [*Id.* at 2.]  According to Defendants, "but for the extraneous six (6) words . . .

this Honorable Court possessed the requisite information for purposes of determining whether

complete diversity was established . . . ."  [*Id.*]  The Court disagrees.

Removing those six words creates an entirely different meaning and modifies Macquarie

1

Office Trust Services, Inc. rather than Macquarie Office Management Limited.  Thus, those six words are not simply superfluous or extraneous, but directly assert that Macquarie Office Management Limited's principal place of business is in Australia.  Moreover, removing those words does not cure Defendants' failure to set forth Macquarie Office Trust Services, Inc.'s place of incorporation.

Defendants belatedly assert that "Macquarie Office Trust Services, Inc., is an Australian corporation, incorporated in New South Wales in 1993, with its principal place of business in Sydney, Australia."  [*Id.*]  However, Defendants had three opportunities to provide this information and failed to do so even though the Court expressly asked for the information.  The Court warned Defendants that this case would be remanded to state court if they did not fix their jurisdictional problems.  Despite correcting jurisdictional problems related to the limited liability companies, Defendants ignored the Court's discussion regarding Macquarie Office Trust Services, Inc.  It is simply too late to provide this information.  *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996) (explaining that motions for reconsideration "do not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment."); *Am.'s Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992) ("At some point the train of opportunities ends. [Failure to] "supply the court with essential details supports an inference that jurisdiction is absent . . . .").

2

Defendants' motion for reconsideration [Docket No. 47] is therefore denied.  This ruling, of course, does not end this litigation, but merely sends it back to state court, which is Plaintiff's forum of choice.

Dated:  09/17/2012

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

3

Copies to:

Christina Marie Alexander
KIGHTLINGER & GRAY
malexander@k-glaw.com

Bruce P. Clark
BRUCE P. CLARK & ASSOCIATES
bpc@bpc-law.com

Jennifer E. Davis
BRUCE P. CLARK & ASSOCIATES
jed@bpc-law.com

Nicholas Ward Levi
KIGHTLINGER & GRAY
nlevi@k-glaw.com

Jeffrey Alan Musser
ROCAP MUSSER LLP
jam@rocap-law.com

Christopher P. Phillips
BRUCE P. CLARK & ASSOCIATES
christopher.phillipslaw@gmail.com

Peter H. Pogue
SCHULTZ & POGUE LLP
ppogue@schultzpoguelaw.com

James William Roehrdanz
KIGHTLINGER & GRAY
jroehrdanz@k-glaw.com