UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| SHERRY FIELDEN, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:12-cv-0288-TAB-SEB |
| | ) | |
| MACQUARIE OFFICE MONUMENT | ) | |
| CENTER I, LLC, et al., | ) | |
|     Defendants. | ) | |

**ORDER ON PLAINTIFF'S MOTION FOR FEES AND COSTS**

Defendants removed this case to federal court based upon inartfully pleaded jurisdictional allegations. The Court remanded this case after Defendants failed to properly address these shortcomings. The issue now before the Court is whether Plaintiff should be awarded its resulting attorney's fees and costs.

Pursuant to 28 U.S.C. § 1447(c), an "order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." An award of fees and costs is not automatic and should be awarded where the removing party lacked an "objectively reasonable basis" for seeking removal. *Martin v. Franklin Capital*, 546 U.S. 132, 141 (2005); *Wolf v. Kennelly*, 574 F.3d 406, 411 (7th Cir. 2009). The Seventh Circuit has interpreted "objectively reasonable" to simply mean reasonable. *Wisconsin v. Amgen, Inc.*, 516 F.3d 530, 534 (7th Cir. 2008). Only in unusual circumstances may the Court award fees and costs if the removal was reasonable. *Martin*, 546 U.S. at 141. "For instance, a plaintiff's delay in seeking remand or failure to disclose facts necessary to determine jurisdiction may affect the decision to award attorney's fees." *Id.* However, the Court retains discretion to consider

1

whether unusual circumstances warrant departure from the general rule.  *Id.*

The Court remanded this case because Defendants struggled to allege the citizenship of the parties despite having numerous opportunities to do so.  [*See* Docket No. 45.]  While Defendants eventually provided the correct citizenship information for the limited liability companies, Defendants failed to allege the place of incorporation for Macquarie Office Management Limited, an Australian corporation.  [*Id.* at 2.]  But despite remand, Defendants' basis for removal was reasonable.  Even though the Court denied Defendants' motion for reconsideration, the motion clarified—although belatedly and not appropriately in the context of a motion for reconsideration—that Macquarie Office Management Limited did not have the same citizenship as the Plaintiff.  [*See* Docket No. 48.]

Plaintiff does not dispute that removal was reasonable, but argues that the "exact 'unusual circumstances' noted by the Supreme Court are present in this case . . . ."  [Docket No. 49 at 3, ¶ 8.]  It is true that failing to provide the Court with facts necessary to determine jurisdiction is an unusual circumstance that "may affect" the Court's decision to award fees.  *Martin*, 546 U.S. at 141.  However, as Defendants point out, "any information which was either unclear or improperly plead [sic] was the result of the complex corporate structure of the defendant[s] and not a willful attempt . . . to disclose the proper information."  [Docket No. 50 at 2.]  Defendants further note that even Plaintiff's motion for remand and reply failed to raise the issue for which the Court ultimately remanded the case.  [*Id.*]

Although it is Defendants' duty to ensure "scrupulous adherence to the limitations on the subject-matter jurisdiction of the federal courts," *Meyerson v. Harrah's East Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002), and the complexity of the entities does not excuse this duty,

this is not a case where Defendants acted willfully, in bad faith, or fell woefully short of providing the requisite information. *Cf. Lead Coll. Preparatory Inc. v. Gary Cmny. Sch. Corp.*, No. 2:12-CV-205-JVB, 2012 WL 5195973, at *3 (N.D. Ind. Oct. 19, 2012) ("Defendant did not remove this case because it was confused about Plaintiff's state of incorporation but because it decided to advance an untenable argument that Plaintiff was a citizen of California because a Californian corporation and its lawyer were Plaintiff's incorporators in Indiana."). Instead, Defendants had a reasonable basis for removal that faltered due to Defendants' belated and procedurally inappropriate identification of Macquarie Office Management Limited's citizenship. Considering the policy objectives of the removal statute, *see Micrometl Corp. v. Tranzact Technologies, Inc.*, 656 F.3d 467, 470 (7th Cir. 2011), this is not one of those unusual cases that warrants an award of fees and costs. Accordingly, Plaintiff's motion for fees and costs [Docket No. 49] is denied.

DATED: 01/11/2013

_____

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Copies to:

Christina Marie Alexander
KIGHTLINGER & GRAY
malexander@k-glaw.com

Bruce P. Clark
BRUCE P. CLARK & ASSOCIATES
bpc@bpc-law.com

Jennifer E. Davis
BRUCE P. CLARK & ASSOCIATES
jed@bpc-law.com

Nicholas Ward Levi
KIGHTLINGER & GRAY
nlevi@k-glaw.com

Jeffrey Alan Musser
ROCAP MUSSER LLP
jam@rocap-law.com

Christopher P. Phillips
BRUCE P. CLARK & ASSOCIATES
christopher.phillipslaw@gmail.com

Peter H. Pogue
SCHULTZ & POGUE LLP
ppogue@schultzpoguelaw.com

James William Roehrdanz
KIGHTLINGER & GRAY
jroehrdanz@k-glaw.com